**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-325-JBC

BURTON SMITH PLAINTIFF

VS: **MEMORANDUM OPINION AND ORDER**

GEORGE SNYDER, ET AL. DEFENDANTS

* * * * * * * * *

This matter is before the court on the motion of the United States to dismiss the instant complaint or, in the alternative, to enter judgment in favor of the United States [Record No. 13]. The court will grant the motion for summary judgment.

BACKGROUND

Burton Smith, an individual then confined at the Federal Medical Center ("FMC") in Lexington, Kentucky, filed the instant *pro se* complaint seeking damages based on prison conditions which allegedly caused him and other inmates to develop histoplasmosis. He specifically alleged that there was an "over-abundance" of birds nesting in trees and on building ledges, but the Bureau of Prisons ("BOP") employees did nothing to eliminate nesting sites or remove the accumulations of bird guano from which the histoplasmosis fungus springs.

Upon granting the plaintiff permission to proceed *in forma pauperis* and screening the complaint, the court dismissed the claims brought against individual prison employees under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), for the plaintiff's failure to exhaust the BOP's

administrative remedies; but the court permitted the negligence claim to go forward under the Federal Torts Claim Act ("FTCA"), as it had been exhausted administratively.

On November 13, 2005, the defendant responded with the motion before the court today.

DEFENDANT'S MOTION

The United States moves the court to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure [hereinafter Fed.R.Civ.P.] 12(b)(1) or for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6); or, in the alternative, the defendant seeks entry of summary judgment in its favor pursuant to Fed.R.Civ.P. 56. The government attaches to the motion the supporting affidavits of a BOP attorney, an FMC-Lexington safety officer, and a prison doctor attesting to facts about the plaintiff, about histoplasmosis generally, about the local prison's policy and practice with regard to histoplasmosis as a medical hazard, and finally, about the medical treatment which the prison provided to the plaintiff for histoplasmosis.

The defendant agrees that histoplasmosis is an infectious disease caused by the inhalation or ingestion of a soil-based fungus transmitted from bird or bat droppings and is particularly endemic to the Mississippi and Ohio Valley River regions, including Indiana, Ohio, and Kentucky. It primarily affects the lungs, can be detected with a chest x-ray, and is treated with anti-fungal drugs. The parties differ in what the BOP staff did to control it, the plaintiff having listed measures they should have implemented, but did not, in order to eliminate the number of birds and accumulated bird droppings, while the BOP safety officer swears that they actually did take several

of these measures.

With regard to facts about the plaintiff, the BOP transferred him to the Lexington, Kentucky, facility on May 23, 2002, and although he had other chronic health problems, he had a clear chest x-ray at that time. One year later, on July 21, 2003, he first complained to medical personnel about a chest-related problem, *i.e.*, reporting that he had been coughing for two days.

Although the plaintiff made other medical complaints in the following months, it was not until December 13, 2003, that the plaintiff reported chest pain, shortness of breath, and coughing blood. After a stay at the prison hospital and with blood in his sputum, on February 26, 2004, he was taken to the University of Kentucky Medical Center, where testing revealed that he had histoplasmosis. He began anti-fungal medication immediately. His laboratory results were negative for histoplasmosis nine months later, on November 22, 2004.

Declarant Michael Sevigny, the prison's safety specialist, swears that there are no statutes, regulations, or policies requiring prisons to take a particular course of action with regard to bird populations and possible histoplasmosis hazards. The prison has, however, voluntarily followed the protocol outlined by the Department of Agriculture and taken measures which were suggested by a representative of the Office of Safety and Health Administration ("OSHA") in August of 2002. He attaches a copy of a "Plan of Action," which they purportedly implemented at that time.

The United States' defense is that the discretionary function exception ("DFE"), found in the Federal Tort Claims Act at 28 U.S.C. §2680(a), bars this court from

having subject matter jurisdiction over the plaintiff's claims. The government examines how the allegations herein fit into the statutory definition and cites to case law supporting the application of the DFE with regard to exposure to other hazardous materials, the cited cases including *Lockett v. United States*, 938 F.2d 630, 639 (6th Cir. 1991), and *Feyers v. United States*, 749 F.2d 1222, 1225 (6th Cir. 1984), *cert. denied*, 471 U.S. 1125 (1985), from this circuit.

The United States also finds support in *Donohue v. United States*, Lexington No. 02-CV-288-KSF, wherein this court ruled precisely on this issue. In an order issued July, 28, 2003, the court found that under the DFE at 28 U.S.C. §2680(a), it lacked subject matter jurisdiction over a virtually identical histoplasmosis claim by an FMC-Lexington inmate and dismissed the claim.

Additionally, the defendant contends that the plaintiff fails to state a claim under Kentucky tort law. Under the terms of the FTCA, liability can be imposed against it only if the complained-of conduct amounts to negligence in the state in which it occurs, and in this case the plaintiff's claim fails to establish negligence under Kentucky law. The government cites to cases setting out the requisite elements of negligence under Kentucky law, such as *M&T Chemicals, Inc. v. Westrick*, 525 S.W.2d 740, 741 (Ky. 1975), as well as several tort cases in Kentucky which absolved prison officials of tort liability, such as *City of Lexington v. Greenhow*, 451 S.W.2d 424 (Ky. 1970). Therefore, the government also urges dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure of the plaintiff to state a claim upon which relief may be granted.

Alternatively, the United States contends that it is entitled to entry of summary judgment in its favor, pursuant to the provisions of Federal Rule of Civil Procedure 56 and Supreme Court cases authorizing such a judgment under appropriate conditions, including *Celotex v. Catrett*, 477 U.S. 317, 324 (1986), and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986).

PLAINTIFF'S RESPONSE

The plaintiff has opposed the motion, arguing that this court must liberally construe a motion to dismiss in favor of the plaintiff and that a court should not grant dismissal unless it appears that the plaintiff can prove no set of facts to support his claim, a high standard for motions to dismiss and one which the instant defendant purportedly cannot meet, the plaintiff citing to Rule 12(b)(6) and *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The plaintiff claims to be entitled to discovery as was the plaintiff in another FTCA case from which he quotes, *Macharia v. United States*, 334 F.3d 61, 65 (D.C.Cir. 2003) (affirming the district court, *Macharia v. United States*, 238 F.Supp.2d 13 (D.D.C. 2002)), *cert. denied*, 540 U.S. 1149 (2004). He insists that he will obtain more evidence to support his claims during discovery. For now, he submits a supporting affidavit of another FMC-Lexington inmate who swears that from 2000 to the present time, he has never seen any of the prison's claimed efforts to control birds or their droppings. He claims that windows have been open, window ledges are covered with bird waste and have been hosed off only once or twice in that time, and fans blow outside air into the buildings so as to spread dust and bird guano inside.

The plaintiff also counters the defendants' legal arguments. He points to 18 U.S.C. § 4042, where the BOP is charged with providing "suitable quarters . . . safekeeping, care and subsistence" of U. S. prisoners and pre-trial detainees. 18 U.S.C. § 4042(a)(2). The plaintiff argues that this duty cannot and does not mean that the BOP can do nothing and thus expose them to the hazards of histoplasmosis. Rather, the BOP has breached this duty. Further, the plaintiff claims that the facts of the instant case do not meet the DFE requirements, as the statute has been interpreted by the U.S. Supreme Court.

Therefore, the plaintiff asks the court to deny the motion of the United States and let him begin discovery.

## DISCUSSION

### Jurisdiction

Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power. *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D. N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)). The lack of subject matter jurisdiction may be asserted by either party or by the court, *sua sponte*, at any time during the course of an action. Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939); *Morrison v. Tomano*, 755 F.2d 515 (6th Cir. 1985). Once challenged, the burden of establishing a federal court's subject matter jurisdiction rests on the party asserting the jurisdiction. *Thomason v. Gaskill*, 315 U.S. 442 (1942).

The United States cannot be sued without a waiver of its sovereign immunity.

*See United States v. Orleans*, 425 U.S. 807, 814 (1976). Any lawsuit against an agency of the United States is, in essence, a suit against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Testan*, 424 U.S. 392 (1976); *see also Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304 (1989); *Kentucky v. Graham*, 473 U.S. 159 (1985). Moreover, waivers of sovereign immunity are to be strictly construed. *See Spannaus v. Department of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987).

The FTCA, 28 U.S.C. §2671, *et seq.*, is a limited waiver of sovereign immunity. It neither creates a cause of action against the United States nor provides a means of enforcing federal statutory duties. *Myers v. United States*, 17 F.3d 890 (6th Cir. 1994). It constitutes the United States' consent to be sued in tort actions: "for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment . . . ." 28 U.S.C. §1346(b), and it is limited to cases in which "a private individual [would be liable] under like circumstances." 28 U.S.C. §2674. The Supreme Court of the United States has held that the FTCA applies to federal inmates' claims alleging personal injuries sustained while incarcerated because of negligence of government employees. *See United States v. Muniz*, 374 U.S. 150 (1963).

However, there are statutory exceptions to the FTCA's broad waiver of

immunity, and one exception is the discretionary function exception ["DFE"], which is relied upon by the United States in this case. The FTCA explicitly provides that immunity is not waived, *i.e.*, the government is not subject to tort liability for

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. §2680(a); *see Myers v. United States*, 17 F.3d at 894.

According to the U.S. Supreme Court, this portion of the legislation "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. S. A. Empresa de Viacao Aerea Rio Grandense [Varig Airlines]*, 467 U.S. 797, 808 (1984). Congress believed that imposing liability on the government for its employees' discretionary acts "would seriously handicap efficient governmental operations." *Id.* at 814.

If an alleged act falls within the discretionary function exception to the FTCA, the court lacks subject matter jurisdiction and the cause must be dismissed. *Rich v. United States*, 119 F.3d 447, 450 (6th Cir. 1997), *cert. denied*, 523 U.S. 1047 (1998) (citing *Freyers v. United States*, 749 F.2d at 1225). Accordingly, whether this exception applies is a threshold issue, and the analysis of the exception must precede any negligence analysis. *See Miller v. United States*, 710 F.2d 656 (10th Cir.), *cert. denied*, 464 U.S. 939 (1983).

Discretionary Function Exception

The Supreme Court has developed a two-step test for determining whether the discretionary function exception applies. *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988). First, the challenged governmental action must be the product of "judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (quoting *Berkovitz*, 486 U.S. at 536). Under this step, the court must determine whether a statute, regulation, or policy mandates a specific course of action. If so, the discretionary function exception does not apply and the claim may move forward. When no mandate exists, however, the governmental action is considered the product of judgment or choice (*i.e.*, discretionary), and the first step is satisfied.

If the action taken does involve choice, or discretion, the court must go on to the second step, which is to "determine whether that judgment is the kind that the discretionary function exception was designed to shield." *Berkovitz*, 486 U.S. at 536-37. This exception shields only those decisions based on "considerations of public policy." *Gaubert,* 499 U.S. at 323 (quoting *Berkovitz*, 486 U.S. at 537). The purpose of the exception is to "prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Gaubert*, 499 U.S. at 323.

Additionally, the government has a presumption in its favor. When established policy allows governmental agents to exercise discretion, "it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Id.* at 324. The plaintiff must rebut this presumption. Moreover, for a complaint to survive a

motion to dismiss, "it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Id.*

The plaintiff has alleged that BOP personnel at FMC-Lexington violated the duty of care owed to him under 18 U.S.C. §4042(a); and the defendant has contended that the BOP's duties under that statute are discretionary and policy-driven, so the government is protected from liability. This court must first examine the statute to determine whether that statute imposes upon BOP officials an affirmative duty to take specific action, rather than rely on their own discretion. The statute provides in pertinent part as follows:

> (a) In general. -- The Bureau of Prisons, under the direction of the Attorney General, shall--
>
> (1) have charge of the management and regulation of all Federal penal and correctional institutions;
>
> (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
>
> (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States;
>
> . . . .

18 U.S.C. §4042(a). Although the statute contains mandatory language, it does not specify what are suitable quarters or how prisoners are best safeguarded or what subsistence consists of. The plaintiff does not identify any regulations or policy statements or local prison rules which command any certain conduct to deal with a prison's bird population or hazardous guano; and the defendant flatly asserts that there

are none. Therefore, the court concludes that Congress has granted the BOP mandatory duties with regard to prisoner health and safety but has also granted broad discretionary powers to implement them.

This conclusion is consistent with that of other courts which have held that while 18 U.S.C. § 4042(a)(2)-(3) imposes a mandatory duty on the BOP to protect prisoners from harm, "[t]he manner in which the Bureau fulfills this duty is, however, committed to its discretion. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)." *Caudle v. United States*, 72 F.3d 132, **1 (7th Cir. 1995) (affirming the district court's dismissal under Rule 12(b)(1)). Similarly, in *Calderon v. United States*, 123 F.3d 947 (7th Cir. 1997), the circuit court affirmed the district court's dismissal of another injured inmate's FTCA claim for lack of subject matter jurisdiction. "While it is true that this statute sets forth a mandatory duty of care, it does not, however, direct the manner by which the BOP must fulfill this duty." *Id.* at 950.

*Ortiz v. United States*, 2002 WL 1492115 (S.D. N.Y. 2002) (not reported in F.Supp.2d), contained a prisoner's FTCA claim for damages based on another inmate's slashing his face. Ortiz relied on 18 U.S.C. § 4042(a), asserting that the BOP had an affirmative duty to have acted to totally safeguard him so as to have spared his suffering an assault at the hands of another inmate. Of 18 U.S.C. § 4042(a), the Southern District of New York Court wrote:

> The BOP is charged with the duties of "management and regulation of all Federal penal and correctional institutions" and "provid[ing] for the safekeeping, care and subsistence of all persons charged with or convicted of offenses." 18 U.S.C. § 4042(a). Although the statute provides the BOP

> with a duty of care, it addresses only the general responsibilities of BOP employees and does not set forth the particular manner by which the BOP must fulfill this duty. "The absence of specific guidelines of appropriate conduct by BOP officials in administering these duties, therefore, leaves judgment or choice to the BOP officials." *Scrima v. Hasty,* No. 97 Civ. 8433, 1998 WL 661478, at *3 (S.D. N.Y. Sept. 24, 1998).

*Id.* at *3.

Thus, the BOP staff at FMC-Lexington had discretion in fulfilling its duties to provide for the health and safety of BOP prisoners, including the plaintiff. Moreover, with regard to the second DFE component, the court also finds that the instant case exemplifies the type of case Congress must have had in mind when it enacted the discretionary function exception. The discretionary function exception is designed "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action and tort." *Gaubert*, 499 U.S. at 323 (internal citations and quotations omitted).

With regard to the BOP specifically, the United States Supreme Court has written, "Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). *See also*, *Hewitt v. Helms*, 459 U.S. 460, 467 (1983) (acknowledging that "prison officials have broad administrative and discretionary authority over the institutions they manage. . . .").

The instant situation is most like an exposure-to-asbestos case cited by the

defendant, *Castor v. United States*, 883 F.Supp. 344 (S.D. Ind. 1995). That district court examined both components for establishing whether the government was shielded from liability under the DFE and then wrote as follows:

> Because BOP officials exercise discretion in determining how to best protect and provide for prisoners, and because that discretion is animated by policy considerations, its decisions and actions challenged here cannot form the basis of a FTCA claim. Therefore, the discretionary function exception applies to the claims in this case and the court lacks jurisdiction over the plaintiff['s] claims.

*Id.* at 353-54. This court adopts this same conclusion with regard to the BOP's handling of histoplasmosis exposure at FMC-Lexington.

The plaintiff's reliance on the *Macharia* quotation is not well placed. Although that case presented several discovery issues as well as a DFE defense, the discovery was limited only to the jurisdictional issue. "[D]iscovery on the merits would have been entirely irrelevant to the jurisdictional issue raised by the government's motion to dismiss." 334 F.3d at 68. The D.C. Circuit affirmed the district court's conclusion that Rule 12(b)(1) dismissal was required for lack of subject matter jurisdiction, on several grounds, one being the DFE of 28 U.S.C. §2680(a).

As in another similar case, the burden was on the plaintiff to assert facts that show the decisions/acts by BOP personnel were "not based on policy considerations; he has not done so, and probably could not succeed in doing so in any event" because their duties require discretionary decisions "inherently grounded in social, political, and economic policy." *Dykstra v. U.S. Bureau of Prisons*, 140 F.3d 791, 796 (1998).

The court finds that the discretionary function exception to the FTCA bars this

lawsuit, even if the BOP employees abused their discretion or were negligent in the performance of these discretionary functions. For this reason, there is no subject matter jurisdiction over the plaintiff's claim against the United States, and this action must be dismissed.

The court offers no opinion as to whether any BOP employee was negligent with regard to measures to abate the histoplasmosis exposure and/or whether any negligence caused the plaintiff's injuries. The court simply does not reach a negligence analysis. Congress has decreed that such discretionary decisions are not subject to suit in court, "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

Other Issues

The defendant has sought alternative relief, either dismissal for failure to state a claim or entry of summary judgment in its favor. Fed.R.Civ.P. 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Thereafter, Rule 12(b) continues, in pertinent part, as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Id.* Thus, the plain language of Rule 12(b) permits a 12(b)(6) motion to be converted into a motion for summary judgment. Fed.R.Civ.P. 12(b); *Haase v. Sessions*, 835 F.2d 902, 905 (D.C. Cir. 1987); *Nieman v. NLO, Inc.*, 108 F.3d 1546 (6th Cir. 1997)).

Because the court has considered the content of the declarations and exhibits attached to the defendant's motion during its consideration of the issue of jurisdiction, *i.e.*, the extent to which the BOP has discretion in dealing with histoplasmosis exposure, the court has converted the motion to dismiss to one for summary judgment pursuant to Federal Rule of Civil Procedure 56. Under the rule's requirements, the court can grant relief only if there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also, Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986).

The court concludes that the defendant has carried its burden of demonstrating that the discretionary function exception bars this court's exercise of jurisdiction over the histoplasmosis-exposure claim and the United States is entitled to judgment as a matter of law. The plaintiff has failed to carry his burden in opposition to the respondent's motion, *i.e.*, to come forward with "affirmative evidence to defeat a properly supported motion for summary judgment" (*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). To the contrary, the record herein contains only the plaintiff's original allegations and a responsive affidavit going to conditions at the prison, not the BOP's discretion to deal with it. Conclusory statements will not defeat a motion for summary judgment. *Matsushita Electric Industrial C. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Therefore, the court will grant the motion for summary judgment, with prejudice, on the fully litigated jurisdictional issue.

To the extent that the original complaint can be construed as also containing a negligence claim with regard to the plaintiff's medical care for histoplasmosis, the

plaintiff has abandoned the claim. He does not mention his medical care in his response to the instant motion of the defendant. He argues and provides an affidavit only on the issue of the prison conditions which he blames for his contracting histoplasmosis.

To the extent the medical care claim survives, the court finds that Plaintiff has failed to state a medical negligence claim under Kentucky law, and so dismissal of any such construed claim is appropriate for failure to state a claim upon which this court may grant relief. Fed.R.Civ.P. 12(b)(6); *see also M&T Chemicals, Inc. v. Westrick*, 525 S.W.2d 740 (Ky. 1975). Under Kentucky negligence law, the plaintiff needed to establish the following elements: (1) duty of care; (2) breach of duty; and (3) actual injury. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245 (Ky. 1997). In addition, the plaintiff must also demonstrate that (4) the injury was proximately caused by the negligence. *Ferguson v. United States Army*, 938 F.2d 55 (6th Cir. 1991) (citing *Deutsch v. Shein*, 597 S.W.2d 141, 143 (Ky. 1980)).

The instant plaintiff has come forward with nothing to establish these elements with regard to his construed negligence claim about his medical care. Therefore, the court will dismiss this claim for failure to state a cognizable claim under Kentucky negligence law.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) With regard to the negligence claim concerning the plaintiff's exposure to conditions for developing histoplasmosis, the motion of the United States for

summary judgment [Record No. 13] is **GRANTED**, the court finding that it lacks subject matter jurisdiction over that claim; and

(2) to the extent the plaintiff has presented a negligence claim with regard to his medical treatment for histoplasmosis, the defendant's motion to dismiss is **GRANTED**, for failure to state a cognizable claim; in all other respects, the motion is **DENIED**.

(3) The instant cause of action is **DISMISSED**, with prejudice as regards the summary judgment granted herein, and without prejudice as regards the dismissal of any medical care claim; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the United States.

Signed on February 15, 2006

Jennifer B. Coffman

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY